IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUNTING GRAPHICS, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 21-254 |
| v. ) | |
| ) | |
| THE PHOENIX INSURANCE ) | Judge Cathy Bissoon |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

**I. MEMORANDUM**

Pending before the Court is Defendant's Motion to Dismiss Count III (hereinafter, "Motion") (Doc. 8).

**A. Background**

The facts as alleged in the Complaint are as follows. Plaintiffs "engineer, manufacture, and coat exterior building products." Complaint (Doc.1) at ¶ 9. Defendant provided insurance to Plaintiffs. Id. at ¶¶ 10-11. Plaintiffs discovered that their paint line curing oven had caught fire on June 24, 2019, and reported the loss to Defendant on July 2, 2019. Id. at ¶¶ 12-13. Plaintiffs also submitted a purchase order for replacement fan equipment to replace parts damaged by the fire, because it was a specialty part which would require "a long lead time from order to delivery." Id. at ¶¶ 15-16. Plaintiffs aver that "[i]nstead of immediately performing an inspection of the site, Defendant elected instead to rely on pictures provided by Plaintiffs to evaluate the loss." Plaintiffs supplied Defendant with these pictures on July 10, 2019 and

supplied Plaintiffs' chosen engineer's repair estimate the following day. Id. at ¶¶ 16-17. On August 19, 2019, Plaintiffs reached out to Defendant because they had not heard back, and asked Defendant to either inspect the damages or waive an inspection to allow Plaintiffs to begin repair work. Id. at ¶¶ 18-20. Plaintiffs aver that Defendant responded that no retention of the damaged property was needed and that "we do not see any issues with moving forward with the [repair] proposal as presented." Id. at ¶ 21. Plaintiffs hired their chosen engineering firm relying on that information, and "proceeded to begin ancillary work on the damaged equipment." Id. at ¶ 22. On October 2, 2019, Plaintiffs received the ordered fan equipment and notified Defendant of its arrival and their intention to begin repairs. Id. at ¶ 25.

Then, for the first time, on October 4, 2019, Defendant insisted on a site visit to further its efforts at developing its subrogation claims. Id. at ¶ 27. During meetings in advance of this site visit, Plaintiffs also learned for the first time that Defendant wanted Plaintiffs to cease repair work, preserve all parts of the oven, "make new replacement parts for the parts so removed" and remove certain control parts of the damaged equipment, which further complicated and lengthened the repair process. Id. at ¶ 29. Plaintiffs allege that "[t]his was in direct contradiction to what Plaintiffs were told on August 19th, 2019, and on which they had relied." Id. Due to these developments, Plaintiffs indicate that they were forced to delay the start date of their restoration work until October 21, 2019. Id. at ¶ 30. Plaintiffs allege that Defendant has paid some, but not all, that they are due to be compensated under their insurance policy. Id. at ¶ 43.

The subject of the pending Motion to Dismiss is Count III, negligent misrepresentation. Complaint at ¶¶ 69-73. Plaintiffs allege that in August 2019, Defendant stated that only photographs would be necessary and no site visit would be required to adjust their claim, and that Plaintiffs should proceed with restoration of their property. Id. at ¶ 70. Plaintiffs allege they

reasonably relied on these representations and took actions "deleterious to their interests." Id. at ¶ 72. Therefore, Plaintiffs seek "an award of damages for the direct and foreseeable losses set forth above." Id. at ¶ 73.

### B. Analysis

Defendant argues that Plaintiffs are precluded from recasting a breach of contract claim as a tort claim under Pennsylvania law, pursuant to the gist of the action doctrine. Brief in Support of Motion to Dismiss (Doc. 9), hereinafter "Brief," at 2. Defendant argues that the statement alleged to be a misrepresentation—Defendant's alleged representation that no site visit would be required to adjust the claim—primarily involved the performance of the insurance contract between the two parties. Id. Defendant avers that when the duty allegedly breached "was created by a contract rather than a broader duty owed to others imposed as result of the social policy reflected in the law of torts," the gist of the action doctrine bars bringing those claims as tort claims. Brief at 5.

These arguments are well taken and may very well raise important points the Court must consider, but they are raised too early in the proceedings for the Court to evaluate. At the motion to dismiss stage, the Court first accepts all factual allegations in the complaint as true. Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). To sufficiently assert a claim of negligent misrepresentation, "a plaintiff must allege '(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation.'" Nelson v. State Farm Fire & Cas. Co., 464 F. Supp. 3d 741, 747-48 (W.D. Pa. 2020) (internal citations omitted). Here, Plaintiffs allege that there was a misrepresentation made regarding whether a site visit would be required and whether

3

Plaintiffs should begin repair work, and that "Defendant communicated this information to Plaintiffs in a manner in which it knew or should have known that Plaintiffs would rely upon the same and take actions deleterious to their interests . . ." that allegedly resulted in delay and changes to their original plans for repair.  Complaint at ¶¶ 69-73.

As Defendant notes, even when all the elements are met for a negligent misrepresentation claim, the gist of the action doctrine bars contract claims recast as tort claims under Pennsylvania law.  For a tort claim to stand, the duty breached must be a broader social duty, not the duty owed in contract.  Bruno v. Erie Ins. Co., 106 A.3d 48, 68 (Pa. 2014).  The existence of a contract between two parties "does not, *ipso facto,* classify a claim by a contracting party for injury or loss suffered as the result of actions of the other party in performing the contract as one for breach of contract."  Id. at 69.  Defendant argues that there is no broader social policy at stake here, and that any representation that was made was made in the course of performing contractual obligations to "adjust the claim," while Plaintiffs argue that there is a social duty, "a duty not to misrepresent what one otherwise knows is not true."  Brief at 9; Response at 13.  Ultimately, identifying the nature of the duty alleged to have been breached is essential to determining whether Count III is barred by the gist of the action doctrine.  At this preliminary stage in proceedings, the Court is without information to make this determination—whether Defendant's duty arises out of the insurance contract or "rather out of a general societal duty to not affirmatively mislead or advise without a factual basis."  Nelson v. State Farm Fire & Cas. Co., 464 F. Supp. 3d 741, 752 (W.D. Pa. 2020).

Defendant's arguments regarding Plaintiffs' pleading deficiencies are inapposite because Plaintiffs indicate in their Complaint at Count III that all prior paragraphs are incorporated by reference.  Reply at 4-5; see Complaint at ¶ 69.  While the claim could have been more artfully

4

pleaded, Plaintiff's current claim for negligent misrepresentation satisfies the relatively liberal pleading standards applicable in federal court. Defendant's challenge is better suited for summary judgment, after the parties have enjoyed the benefit of discovery. Thus, Defendant's request for dismissal of Count III is denied, without prejudice to renewal on summary judgment.

## II. ORDER

For these reasons, Defendant's Motion (**Doc. 8**) is **DENIED** without prejudice to renewal.

Defendant shall answer Plaintiffs' Complaint within 14 days of this Order.

IT IS SO ORDERED.

November 8, 2021                                     s\Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge


cc (via ECF email notification):

All Counsel of Record